IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                        **Case No. 11-40044-01 thru 09**
                                    **and 11 thru 16-RDR**

DEMETRIO QUESADA, et al.,

           Defendants.

## O R D E R

This case is before the court upon several motions to extend time to file pretrial motions. These motions are unopposed by the government.

There are fifteen defendants in this case. They are charged with conspiracy to distribute methamphetamine. The original deadline for filing pretrial motions was on or about June 30, 2011 for most of the defendants in this case. That deadline was extended to September 16, 2011 in an order which designated this as a complex case and noted that:

> this case is the result of investigations involving more than 50 other defendants. The investigations spanned approximately 19 months and involved multiple wiretap orders and other orders for the collection of electronic information or communication. There were approximately 30 search warrants executed in connection with these investigations. The government estimates that the discovery to be disclosed in this case will exceed 50,000 pages and involve hundreds of hours of audio recordings.

Doc. No. 59 at p. 3. The court also stated that as of that date, June 28, 2011, the discovery had not yet been shared with counsel.

The order further noted that some defendants had not yet appeared in this court on the charges in this case. The docket sheet shows that defendant Soto-Cabrera had her arraignment on July 7, 2011. Defendant Prado-Cervantez had his arraignment on July 19, 2011, and defendants Verasa-Barron and Palominos-Tinoco had their arraignments on August 25, 2011.

The following defendants have filed motions to extend time past September 16, 2011 to file pretrial motions: Demetrio Quesada (Doc. No. 132); Geronimo Ortiz (Doc. No. 147); Tracy Tugwell (Doc. No. 142); Anthony Tugwell (Doc. No. 143); Alberto Verasa-Barron (Doc. No. 146); Arnulfo Prado-Cervantez (Doc. No. 135); Armando Yanez-Plancarte (Doc. No. 141); and Onelia Aquino-Rosales (Doc. No. 140). Defendant Ramirez-Villa has filed a broadly stated objection to extending the motions deadline.

Defendants Quesada and Prado-Cervantez have asked for an extension of 60 days. Most of the remaining motions for an extension request at least 30 days. Almost all of the motions for an extension of time justify the requests on the grounds of the volume of discovery involved in this case. Counsel for defendant Aquino-Rosales notes that his client has had a massive stroke which has made it more difficult for counsel to engage in discussions. Counsel for defendant Yanez-Plancarte has noted that additional discovery was served upon counsel about the beginning of September. Counsel for defendant Verasa-Barron noted that he began working on

this matter on August 25, 2011 when his client was arraigned.  In general, counsel have also noted that they have busy schedules and need additional time to properly represent their clients and to discuss whether and what kinds of motions to file and plea options.

The court has previously reviewed the factors the court should consider before determining whether an extension of time is in the interests of justice for the purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).  Doc. No. 59 at pp. 2-4.  Upon careful review of these factors and the motions and opposition filed thereto, the court has decided to extend the pretrial motions deadline to October 21, 2011.  The government shall have time until November 4, 2011 to respond to defendants' motions.  The court shall conduct a hearing upon the motions on November 18, 2011 at 9:30 a.m.  The court finds that this extension of time is in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7).

In reaching this decision, the court has considered the objection of defendant Ramirez-Villa.  While this objection does not request severance of his case from that of the other defendants, a severance would be required if the court were to avoid the risk of requiring the other defendants to go to trial without effective preparation.  A severance, however, would work against the judicial preference for joint trials and would promote inefficiency and inconsistency.  See <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993); <u>U.S. v. Zapata</u>, 546 F.3d 1179, 1191 (10th

Cir.) cert. denied, 129 S.Ct. 2069 (2008).  The court believes the objection of defendant Ramirez-Villa must be turned aside.

**IT IS THEREFORE ORDERED** that defendants' motion for extensions of time (Doc. Nos. 132, 135, 140, 141, 142, 143, 146 and 147) are granted and this case shall proceed upon the above-announced schedule.  The continuance granted by this motion shall be considered excludable time for the purposes of the Speedy Trial Act.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2011 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge